**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

**BRANDACE HOPPER**
*Plaintiff,*

**v.**

**RESURGENT CAPITAL SERVICES, LP,**
*Defendant.*

Case No.: **3:24-cv-01114**

## AMENDED VERIFIED COMPLAINT

### I. INTRODUCTION

**COMES NOW, Plaintiff Brandace Hopper**, pro se, and files this **Amended Verified Complaint** against Defendant Resurgent Capital Services, LP, pursuant to the **Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.**, and **North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA), N.C. Gen. Stat. § 75-54 et seq.**, the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c)**, and other applicable laws based on Defendant's unlawful, misleading, and deceptive debt collection practices.

Plaintiff brings this action to address Defendant's **false representation of debt ownership, deficient registration requirements, failure to properly validate the alleged debt, deceptive collection tactics, and attempts to collect a securitized debt that had been transferred to an investment trust without disclosure to Plaintiff as the credit grantor and account beneficial owner.**

Plaintiff seeks **statutory damages, actual damages, treble damages under RICO or UDTPA, punitive damages, declaratory relief, and injunctive relief** against Defendant's unlawful actions.

### II. JURISDICTION AND VENUE

A. This Court has **jurisdiction** over this matter pursuant to **15 U.S.C. § 1692k(d)** (FDCPA), **28 U.S.C. § 1331** (federal question), and **28 U.S.C. § 1367** (supplemental jurisdiction over state law claims).

B. Venue is proper in the **Western District of North Carolina, Charlotte Division**, pursuant to **28 U.S.C. § 1391(b)**, as Defendant **regularly conducts business in North Carolina**, and the acts giving rise to this complaint occurred in this district.

## III. PARTIES

C.  Plaintiff is a consumer, beneficial owner with equitable interest of the account, and resident of Mecklenburg County, North Carolina.

D.  **Plaintiff, Brandace Hopper**, is a **consumer** as defined by **15 U.S.C. § 1692a(3)**, residing in Mecklenburg County, North Carolina.

E.  **Defendant, Resurgent Capital Services, LP ("Resurgent")**, is a **debt collector** as defined by **15 U.S.C. § 1692a(6)** and **N.C. Gen. Stat. § 58-70-15**, regularly engaged in the collection of consumer debts in North Carolina.

## IV. FACTUAL ALLEGATIONS

### A. The Alleged Debt and Defendant's Collection Actions

1.  Plaintiff was notified of an alleged consumer debt purportedly owed to Credit One Bank, N.A.

2.  The alleged debt was subsequently **sold, assigned, or otherwise transferred** to Defendant, who began collection efforts.

3.  On multiple occasions, Defendant sent collection notices demanding payment **without proper verification** of the debt under **15 U.S.C. § 1692g(b)** and **N.C. Gen. Stat. § 75-54**.

4.  Plaintiff requested verification and proof of Defendant's legal right to collect, but Defendant failed to produce sufficient evidence of ownership of the debt.

### B. Defendant's Notices Failed to Comply with 15 U.S.C. § 1692g et seq.

5.  **Defendant failed to provide a proper validation notice** within five days of its initial communication as required by **15 U.S.C. § 1692g(a)**.

6.  Defendant's letters, dated **September 20, 2023, and October 13, 2023**, fail to adequately inform Plaintiff of:
    a.  The **consumer's right to dispute the debt** within 30 days.
    b.  Whether the **dispute deadline** was calculated from the **date of notice, the date of itemization, or the date of receipt** via U.S.P.S. mail.
    c.  A clear explanation of the **difference between validation and verification** of the debt.

7.  Defendant's vague and ambiguous statements **mislead consumers** as to their rights, violating **15 U.S.C. § 1692g(a)(3)-(4)**.

8.  Defendant's notices lacked proper validation and verification notice of rights regarding the debt and failed to clearly outline Plaintiff's consumer rights under the least sophisticated principle, the **Fair Debt Collection Practices Act (FDCPA)** and North Carolina law.

9.  Resurgent's notices applied deceptive and misleading practices, pressuring Plaintiff to settle the alleged debt without providing complete information on Plaintiff's right to dispute and validate the debt, as required by law.

10. Defendant has engaged in ongoing debt collection practices without meeting proper registration requirements under the **North Carolina Department of Insurance requirements outlined in N.C. Gen. Stat. § 58-70-5**, as required for collecting debt in North Carolina, further compounding its violations of both state and federal law.

## C. Defendant Violated 15 U.S.C. § 1692e by Misrepresenting Plaintiff's Rights

12. Defendant's collection notices falsely threatened to report the debt to **credit bureaus** without properly informing Plaintiff of her **rights to dispute the debt** under **15 U.S.C. § 1692e(5) & § 1692e(10)**.
13. **Case Support:** *Gammon v. GC Services Ltd. Partnership*, 27 F.3d 1254 (7th Cir. 1994) (misleading threats and coercion in debt collection constitute FDCPA violations).
14. Defendant's **misleading statements justify statutory damages**, as courts recognize that **deterring deceptive collection practices** is a key factor in FDCPA enforcement. **See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573 (2010)** (strict adherence to FDCPA statutory duties is required).

## D. Securitization of the Debt & Lack of Standing to Collect

15. Securitization, as described in the Original Creditor's prospectus and Security Exchange Commission EDGAR registered 8-K/10-K report, is a process by which creditors bundle thousands of consumer debts and sell them to an investment trust. The process works as follows:
    a. The original creditor pools thousands of accounts into a financial trust.
    b. This transfer is typically structured as a "true sale," meaning the original creditor relinquishes ownership of the assets, and the investment trust becomes the legal owner.
    c. The creditor issues investment securities (notes) backed by the money owed on those accounts.
    d. Investors purchase these securities, expecting a return from consumer payments.
    e. The original creditor receives an immediate cash payout from investors.
    f. The trust, not the original creditor, now owns the debt.
16. Upon information and belief, and published prospectus, 8-k report, 10-k report, UCC-1 financing statement, pooling and servicing agreements, and trust indenture demonstrate **the original creditor securitized and sold Plaintiff's debt into a trust for investment purposes** before Defendant acquired it.
17. This process **extinguished** the original creditor's ability to assign collection rights to Defendant because the ownership of the debt was transferred to a **trust entity** that is not legally permitted to engage in debt collection.
18. Upon information and belief, Plaintiff alleges the debt was securitized and transferred into an investment trust, meaning that neither the original creditor nor Defendant Resurgent Capital Services has a legal right to collect it.

    a. *U.S. Court of Appeals for the Third Circuit, CFPB v. National Collegiate Master Student Loan Trust March 2024 (holding that securitization trusts are subject to CFPB jurisdiction and consumer financial protection laws).*

    b. *Consumer Financial Protection Bureau v. National Collegiate Student Loan Trusts (requiring trusts engaged in debt collection to comply with federal laws and pay restitution for defective debt collection practices).*

20. **Defendant failed to disclose this material fact and instead falsely represented that it had authority to collect the debt, in violation of 15 U.S.C. § 1692e(2)(A), (5), and (10).**

21. **Defendant has not produced any documentation showing that it repurchased the securitized debt from the trust, nor has it demonstrated standing to collect.**

22. Defendant **failed to disclose this securitization** to Plaintiff, **misrepresented its authority to collect**, and **attempted to collect a debt it does not legally own**, in violation of **15 U.S.C. § 1692e** and **N.C. Gen. Stat. § 75-54(4)**.

23. The trust agreement between the Original Creditor and the investment Trust governs the creation, issuance, and management of the securities held within the Owner Trust. These securities are derived from the financial assets and obligations associated with Credit One Bank, N.A., and Plaintiff as the consumer and credit grantor. The original creditor created and issued securities on the Plaintiff's account without his consent or disclosure, utilizing his financial assets for their gain.

24. The defendants unlawfully converted the Plaintiff's chose-in-action. The plaintiff demands the return of assets or equivalent compensation.

25. Defendant's continued attempts to collect a **securitized, non-enforceable debt** without proper standing, and without compliance with consumer protection laws applicable to securitization trusts, **constitutes a deceptive and unfair debt collection practice under the FDCPA and North Carolina law**.

26. As a result, Defendant's collection efforts directly or vicariously constitute a **deceptive practice and RICO predicate**, willfully and knowingly attempting to collect on an invalid or unlawful debt.

27. **Case Support:**

    a. *Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259 (2015)* (creditors must prove legal ownership of a debt).

    b. *Carpenter v. Longan, 83 U.S. 271 (1872)* (a debt and its security are inseparable, meaning only the lawful owner can collect).

## E. Defendant's Procedural Violations

28. Defendant failed to provide a **valid chain of title or assignment documents** proving its ownership of the alleged debt, violating:

29. **15 U.S.C. § 1692g(b)** (verification requirements).

30. **N.C. Gen. Stat. § 75-56** (requirement for debt buyers to prove ownership).

31. Defendant continued collection attempts despite lacking proper documentation, misleading Plaintiff into believing it had authority to collect.

### F. Defendant's Use of Fraudulent Mail Communications Constitutes Racketeering Activity

32. Defendant **engaged in a pattern of unlawful debt collection activities using U.S.P.S. mail more than once**, in violation of the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c)**, and the **Fair Trade Commission Act (FTCA), 15 U.S.C. § 45 et seq.**, which prohibits deceptive and unfair trade practices.

33. **Pattern of Racketeering Activity**: Defendant sent multiple deceptive debt collection notices via **U.S.P.S. mail**, despite lacking standing to collect the debt. Each mailing constitutes a separate **predicate act of mail fraud** under **18 U.S.C. § 1341**, forming a pattern of racketeering activity.

34. Defendant mailed **at least two** deceptive notices—on **September 20, 2023, and October 13, 2023**—both of which contained misrepresentations regarding the alleged debt.

35. Defendant's continued collection activity **despite no legal ownership of the debt** further substantiates the pattern of deceptive acts.

36. **Legal Standard for RICO Claims**:

    a. **18 U.S.C. § 1961(5) and § 1962(c)** require that a defendant commit **at least two predicate acts** of racketeering activity, the last of which must have occurred within **ten years of the first** (*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 237 (1989)).

    b. **Aiding and Abetting Liability**: Federal courts have repeatedly held that RICO liability may be established if a defendant **aided and abetted** the commission of predicate acts (*Sun-Diamond Growers, 138 F.3d at 970 n.9*; *American Soc'y of Mech. Eng'rs v. Hydrolevel Corp.*, 456 U.S. 556, 573-74 (1982)).

37. **The Collection of an Unlawful Debt Itself Violates RICO Without a "Pattern" of Racketeering Activity**:

    a. The collection of an unlawful debt, standing alone, is a sufficient basis for a RICO violation without requiring a pattern of racketeering acts.

    b. **Case Support**:

        i. In *Day v. DB Capital Grp., LLC*, Civ. Action No. DKC 10-1658, 2011 WL 887554, at *12 (D. Md. Mar. 11, 2011)*, the court collected cases supporting the principle that **for RICO claims based on the collection of unlawful debt, the plaintiff need not show a pattern of such activity—one act of collection is sufficient**.

        ii. Similarly, in *United States v. Grote*, 961 F.3d 105, 119 (2d Cir. 2020), the court held that **"RICO offenses may be predicated on a single instance of collection of unlawful debt."**

38. Defendant's **deceptive mailing practices** are an **enterprise-level fraud scheme** used to extract payments from consumers **without legal authority**, constituting **criminal mail fraud (18 U.S.C. § 1341)**.

## V. CAUSES OF ACTION

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) (15 U.S.C. § 1692 et seq.)

1. Plaintiff realleges and incorporates all paragraphs above as though fully set forth herein.
2. Defendant, **Resurgent Capital Services, L.P.**, violated the **Fair Debt Collection Practices Act** (FDCPA) by sending Plaintiff debt collection notices that failed to comply with the provisions of **15 U.S.C. § 1692g** (failure to provide proper validation of debt), **15 U.S.C. § 1692f** ( attempted to collect a debt it had no legal right to enforce) and **15 U.S.C. § 1692e** (deceptive practices).
3. Defendant attempted to collect a **securitized debt** without proper standing.
4. Specifically, Defendant failed to provide proper validation of the debt and misrepresented Plaintiff's rights to dispute the debt, leading to confusion and misinformation.
5. Defendant's repeated and misleading communications to Plaintiff violated the FDCPA by failing to give adequate notice of Plaintiff's rights, as required by law.

## COUNT II: VIOLATION OF NORTH CAROLINA DEBT COLLECTION LAW (N.C. Gen. Stat. § 75-54 et seq.)

1. Plaintiff realleges and incorporates all paragraphs above as though fully set forth herein.
2. **False Representations (N.C. Gen. Stat. § 75-54(4)):** Defendant **misrepresented** that it had authority to collect the debt.
3. **Failure to Prove Debt Ownership (N.C. Gen. Stat. § 75-56):** Defendant **failed to provide sufficient verification** under state law.
4. **Deceptive Collection Practices (N.C. Gen. Stat. § 75-54(2)):** Defendant used **unfair and misleading tactics** to collect the debt.
5. Defendant violated **N.C. Gen. Stat. § 75-56** by failing to provide Plaintiff with the required consumer rights, such as proper validation and dispute notice in the debt collection notices dated **September 20, 2023**, and **October 13, 2023**.
6. Defendant engaged in **deceptive practices** in violation of **N.C. Gen. Stat. § 75-54** by failing to clearly inform Plaintiff of their rights and misleading Plaintiff into believing there was an urgency or pressure to settle the debt.
7. Defendant applied **unfair pressure tactics** in violation of **N.C. Gen. Stat. § 75-55** by using language and strategies designed to coerce Plaintiff into settling the debt without fully informing Plaintiff of their dispute rights.
8. Defendant's failure to meet the Requirements with the North Carolina Department of Insurance (NCDOI), as required under **N.C. Gen. Stat. § 58-70-1 and § 58-70-5**, further constitutes a violation of North Carolina's debt collection laws.

## COUNT III – VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

### *(18 U.S.C. § 1962(c) – Conducting the Affairs of an Enterprise Through a Pattern of Racketeering Activity)*

1. Plaintiff realleges and incorporates all paragraphs above as though fully set forth herein.
2. Defendant Resurgent's Enterprise and Racketeering Activity:

a. Defendant **Resurgent Capital Services, LP** is an entity engaged in the collection of consumer debts and is part of an **enterprise** as defined in **18 U.S.C. § 1961(4)**, which includes:

    i. Resurgent Capital Services, LP,

    ii. Any related entities or third-party debt buyers involved in acquiring and collecting debts,

    iii. Agents and employees acting on behalf of Resurgent in furtherance of the debt collection scheme.

3. Defendant engaged in **racketeering activity** by committing multiple predicate acts of **mail fraud (18 U.S.C. § 1341)** in furtherance of an unlawful scheme to collect a debt it had no legal authority to enforce.

4. Specifically, Defendant used **U.S.P.S. mail more than once** to send deceptive collection notices on **September 20, 2023, and October 13, 2023**, falsely implying that:

    a. The debt was legally owed to Resurgent when it was not.

    b. Plaintiff had a legal obligation to pay despite the fact that the debt had been securitized and transferred to an investment trust.

    c. The validation notices contained misleading and ambiguous dispute timelines in violation of **15 U.S.C. § 1692g**.

5. **The Collection of an Unlawful Debt Itself Violates RICO:**

    a. Under RICO, the collection of an unlawful debt alone constitutes a violation, even without a pattern of racketeering activity.

    b. **Case Support:**

        a. In *Day v. DB Capital Grp., LLC*, Civ. Action No. DKC 10-1658, 2011 WL 887554, at *12 (D. Md. Mar. 11, 2011)*, the court confirmed that **for RICO claims based on the collection of unlawful debt, a plaintiff need not show a pattern—one act of collection is sufficient**.

        b. In *United States v. Grote*, 961 F.3d 105, 119 (2d Cir. 2020), the court held that **"RICO offenses may be predicated on a single instance of collection of unlawful debt."**

6. Defendant's attempt to collect a **securitized debt it does not own**, by means of deceptive representations and fraudulent mailing practices, constitutes a **RICO violation under 18 U.S.C. § 1962(c)**.

## VI. SPECIFIC VIOLATIONS PER NOTICE (EXHIBITS B)

Plaintiff realleges and incorporates all paragraphs above as though fully set forth herein.

1. **Notice 1: Dated September 20, 2023**

    a. **Federal Violations**:

        i. **15 U.S.C. § 1692g**: Failure to provide a clear validation of the debt and dispute rights. While a notice is included, the timing and content of the validation notice may be incomplete or misleading.

  ii. **15 U.S.C. § 1692e**: Deceptive practices in failing to clearly outline consumer rights or potential consequences of non-payment, which may mislead the consumer.

 b. **North Carolina Violations**:

  i. **N.C. Gen. Stat. § 75-56**: Failure to include required consumer rights, such as proper validation and dispute notice.

  ii. **N.C. Gen. Stat. § 75-54**: Deceptive practices in communication that fail to clearly inform Plaintiff of their rights and options under North Carolina law.

  iii. **N.C. Gen. Stat. § 75-55**: Unfair pressure to settle the debt, particularly if the communication is designed to coerce payment without explaining dispute rights.

  iv. **N.C. Gen. Stat. § 58-70-5**: Failure to satisfy the requirements as a foreign collection agency with the North Carolina Department of Insurance, rendering Defendant's collection activities unlawful.

2. **Notice 2: Dated October 13, 2023**

 a. **Federal Violations**:

  i. **15 U.S.C. § 1692g**: Failure to provide a validation notice with clear instructions on how to dispute the debt or request verification.

  ii. **15 U.S.C. § 1692e**: Deceptive practices by failing to explain consumer rights in a straightforward manner, particularly regarding debt dispute procedures.

 b. **North Carolina Violations**:

  i. **N.C. Gen. Stat. § 75-56**: Failure to properly outline your rights to dispute and validate the debt.

  ii. **N.C. Gen. Stat. § 75-54**: Deceptive representations in the notice that could mislead a consumer about their rights or options.

  iii. **N.C. Gen. Stat. § 75-55**: Unfair pressure tactics that create undue pressure to pay, particularly if there's an urgency implied in the communication without offering dispute or settlement options.

  iv. **N.C. Gen. Stat. § 58-70-5**: Failure to satisfy the requirements as a foreign collection agency with the North Carolina Department of Insurance, rendering Defendant's collection activities unlawful.

3. **Notice 3: Dated September 20, 2023**

 a. **Federal Violations**:

  i. **15 U.S.C. § 1692g**: Failure to provide a clear validation of the debt and dispute rights. While a notice is included, the timing and content of the validation notice may be incomplete or misleading.

  ii. **15 U.S.C. § 1692e**: Deceptive practices in failing to clearly outline consumer rights or potential consequences of non-payment, which may mislead the consumer.

 b. **North Carolina Violations**:

  i. **N.C. Gen. Stat. § 75-56**: Failure to properly outline your rights to dispute and validate the debt.

  ii. **N.C. Gen. Stat. § 75-54**: Deceptive representations in the notice that could mislead a consumer about their rights or options.

     iii. **N.C. Gen. Stat. § 75-55**: Unfair pressure tactics that create undue pressure to pay, particularly if there's an urgency implied in the communication without offering dispute or settlement options.

     iv. **N.C. Gen. Stat. § 58-70-5**: Failure to satisfy the requirements as a foreign collection agency with the North Carolina Department of Insurance, rendering Defendant's collection activities unlawful.

## VII. Injury

As a **direct and proximate result** of Defendant's **racketeering activity and unlawful debt collection practices**, Plaintiff has suffered:

    a. **Financial harm**, including time and resources spent disputing the false debt.

    b. **Emotional distress**, including stress, anxiety, hopelessness, and insomnia, which have resulted in headaches, hypertension, and reputational harm due to false collection actions.

    c. **Potential damage to creditworthiness** from false reporting and continued collection efforts.

## VIII. CLAIM FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the maximum amount of $1,000 for the violation of the Fair Debt Collection Practices Act (FDCPA);

2. **Treble damages** (three times actual damages) pursuant to **18 U.S.C. § 1964(c)**.

3. Award Plaintiff **punitive damages** in an amount to be determined by the Court, based on Defendant's **willful, reckless, and egregious conduct** in:

    a. Misrepresenting its legal authority to collect a debt it does not own.

    b. Continuing to collect after failing to verify the debt.

    c. Engaging in deceptive and misleading practices that harmed Plaintiff.

    d. **Case Support:**

       i. *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) (punitive damages appropriate where conduct is reprehensible and intended to mislead).

       ii. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) (punitive damages serve to punish and deter future misconduct).

       iii. *Walker v. Branch Banking & Trust Co.*, 133 N.C. App. 580, 515 S.E.2d 727 (1999) (unfair and deceptive practices warrant punitive damages under North Carolina law).

4. Award Plaintiff the maximum statutory damages under North Carolina's debt collection laws (N.C. Gen. Stat. § 58-70 et seq), for the combined violations from the three separate debt collection notices, calculated as follows:

    a. One violation per notice under North Carolina law, for a total of 3 violations across the three notices:

    b. Failure to register as a collection agency with the North Carolina Department of Insurance (N.C. Gen. Stat. § 58-70 et seq);

5. Award Plaintiff the maximum statutory damages under North Carolina's debt collection laws (N.C. Gen. Stat. §§ 75-56, 75-55, and 75-54), for the combined violations from the eleven separate debt collection notices, calculated as follows:
    a. Three violations per notice under North Carolina law (failure to meet requirements, failure to provide required consumer rights information, deceptive settlement practices/Deceptive practices in failing to outline consumer rights clearly, and unfair pressure to settle), for a total of 9 violations across the three notices;
6. Award Maximum statutory damages of $4,000 per violation, resulting in total statutory damages of up to $48,000 under North Carolina law for the 12 violations;
7. Award $10,000 in actual damage compensation for emotional distress caused by the Defendant's unlawful collection practices and unauthorized debt communications.
8. Issue **injunctive relief** prohibiting Resurgent from further debt collection activities in North Carolina until it complies with all applicable laws, including requirements as a foreign entity under the North Carolina Department of Insurance.
9. Declare the alleged debt **void and unenforceable**, as Resurgent's actions constitute illegal and unenforceable debt collection practices.
10. Award $10,000 in actual damage compensation for emotional distress caused by the Defendant's unlawful collection practices and unauthorized debt communications.
11. Award Plaintiff costs pursuant to 15 U.S.C. § 1692k(a)(3) and North Carolina laws;
12. Waive the alleged debt in full and correct the consumer reporting, as Defendant's actions constitute illegal and unenforceable debt collection activity; and
13. Grant such other and further relief as this Court deems just and proper.

--------------

**Exhibits**

- **Exhibit A**: North Carolina Secretary of State and NAIC records (attached).
- **Exhibit B**: Non-compliant Resurgent Debt Collection Notice (3 documents, 6 pages)

Respectfully submitted,

/s/ Brandace Jarreau Rosevelt Hopper

℅ 6305 Wyndham Hill Dr.

Charlotte, Nation North Carolina [28269-9998]

704-606-0848

bjrhopper@gmail.com

Petitioner

## VIII. VERIFICATION

STATE OF NORTH CAROLINA)

       ss.          )

MECKLENBURG COUNTY   )

     I, Brandace Jarreau Rosevelt Hopper, the undersigned, being first duly sworn, depose and state that he is the Plaintiff named herein, and swear that the foregoing Verified Complaint, based upon personal knowledge. The matters and statements contained are to the best of my knowledge is a just and true statement of the amount owing by Plaintiff to Defendant, exclusive of all set-offs, except as to those matters or statements made upon information and belief, as to those, he believes them to be true to the best of his knowledge.

     By affixing this verification, oath, or affidavit to the pleading submitted to the court and attaching my signature hereon to the foregoing verification, I do hereby swear or affirm that the statements set forth in the above pleading are true and correct.

 

Brandace-Jarreau-Rosevelt: Hopper

℅ 6305 Wyndham Hill Dr.

Charlotte, NC 28269

Tel: 704-606-0848

Fax: 704-595-7435

PLAINTIFF (Propia persona)

Sworn to and subscribed before me this the 12th day of February 2024.

Notary Public

My Commission expires: _10-21-25_

**Certificate of Service**

I hereby certify that on the 12TH day of February 2024, a true and correct copy of the foregoing AMENDED VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND WAIVER OF DEBT AND EXHIBITS was served upon all parties of record by U.S. Mail, postage prepaid, addressed to:

David A. Grassi, Jr.
P.O. Box 12645
Rock Hill, SC 29731

/s/ Brandace Jarreau Rosevelt Hopper